IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

          vs.                     *    CRIMINAL NO. MJG-11-0434
                                       (Civil No. MJG-14-1894)
WINDSOR WERNER KESSLER, III       *

*       *       *       *       *       *       *       *       *

<u>MEMORANDUM AND ORDER</u>

The Court has before it Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence [ECF No. 25] and the materials

submitted relating thereto.  As discussed herein, the Court

finds that no hearing is needed to resolve the motion.

On October 14, 2011, Windsor Werner Kessler, III

("Petitioner") was convicted on a plea of guilty to possession

of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

On January 17, 2012, Judge Quarles of this Court imposed the

sentence of 120 months of incarceration.  The sentence was

imposed pursuant to a plea agreement under Rule 11(c)(1)(C),

Federal Rules of Criminal Procedure, calling for a sentence in

the range of 63 to 120 months.

At the time of sentencing, Judge Quarles advised Petitioner

of the timing of any appeal.

> THE COURT:  You have 14 days from today's
> date[1] to file an appeal.  If you cannot

---

[1]  In fact, the appeal had to be filed within 14 days of the
entry of judgment, issued the next day. Fed. R. App. P. 4(b).
The error is immaterial.

> afford to pay a filing fee, you can appeal
> without a fee.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Tr. 15:2-5, Jan. 17, 2012, ECF No. 38-2.

The Judgment [ECF No. 23] was docketed the next day,

January 18, 2012.  Petitioner did not appeal from the sentence.

The instant motion was filed on June 11, 2014.  On June 23,

2014, Judge Quarles, observing that the motion appeared not to

have been timely filed,[2] issued an Order [ECF No. 26] stating:

> A petitioner is entitled to equitable
> tolling if he demonstrates: 1) that he has
> been pursuing his rights diligently, and 2)
> an extraordinary circumstance stood in his
> way and prevented timely filing.  See
> [Holland v. Florida, 560 U.S. 631, 649
> (2010)] (quoting Pace v. DiGuglielmo, 544
> U.S. 408, 418 (2005)).  Petitioner is
> directed to address why the Motion is timely
> filed or principles of equitable tolling
> should apply.

As stated in United States v. Prescott, 221 F.3d 686, 688

(4th Cir. 2000):

---

[2]  Title 28 U.S.C. § 2255 provides a one-year period of
limitations for filing motions to vacate a sentence. The one-
year filing period runs from the date that the judgment of
conviction became final.  28 U.S.C. § 2255(f).  Where there has
been no appeal, this Court holds that the judgment is final on
the date that no appeal can be filed. See United States v.
Dorsey, 988 F. Supp. 917 (D. Md. 1998), accord Clay v. United
States, 537 U.S. 522, 525 (2003) ("For the purposes of starting
the clock on § 2255's one-year limitation period, we hold, a
judgment of conviction becomes final when the time expires for
filing a petition for certiorari contesting the appellate
court's affirmation of the conviction.").  Since Judgment was
entered January 18, 2012, any appeal had to be filed February 1,
2012.

> § 2255's limitation period is subject to
> equitable modifications such as tolling. . .
> . Typically . . . circumstances [warranting
> equitable tolling are] external to the
> party's own conduct, thus making it
> unconscionable to enforce the limitation
> period against the party.

(internal quotations omitted).

Petitioner responded to the aforesaid order, stating that his trial attorney "having [led] his client to believe that he was going to file his appeal to appellate court, but instead defense counsel dropped the ball and deprived Mr. Kessler of his rights to be heard in a meaningful matter."  Resp. 2, ECF No. 28. The response did not, however, state when it was that Petitioner learned that the allegedly requested appeal had not been filed.

If, on a § 2255 motion, the motion and the files and records of the case do not conclusively show that the prisoner is not entitled to relief, the court must make findings of fact and conclusions of law regarding the issues presented. 28 U.S.C. § 2255.  The fact that a § 2255 motion was filed 16 months late does not, in and of itself, conclusively show that equitable tolling cannot be provided.

In United States v. Witherspoon, 231 F. 3d 923 (4th Cir. 2000), a petitioner who filed a § 2255 motion some five years late, allegedly because his attorney had failed to comply with a

3

request to file an appeal from his conviction, was held entitled
to an evidentiary hearing.  Cf. Mackey v. Hoffman, 682 F.3d 1247
(9th Cir. 2012), a motion filed pursuant to 28 U.S.C. § 2254, in
which an attorney's misleading a client into believing that a
timely appeal had been filed was held to present extenuating
circumstances justifying vacating a default judgment and
remanding the case to the district court.

The Court, finding it necessary to clarify Petitioner's
contentions in the instant motion, provided Petitioner "the
opportunity to present a full statement of his contentions
regarding the equitable tolling issue and the Government the
opportunity to respond thereto." Order Requiring Further
Submissions 5, ECF No. 51 (emphasis in original).

The Court stated that Petitioner's statement should include
at least:

- How and when counsel was told to file an
  appeal.

- Whether counsel told Petitioner or anyone
  else that an appeal had been filed.  If so,
  when and how.

- Whether there are any witnesses or other
  evidence to support the contention that
  counsel misled Petitioner?

- When and how Petitioner learned that no
  appeal has been filed.

Id. (emphasis added).

4

In his response to the said order, Petitioner filed
Petitioner's Full Statement in Support of His Motion Pursuant to
28 U.S.C. §2255 [ECF No. 54].  However, the Court found that
this was not adequate to enable the Court to ascertain whether
an evidentiary hearing is necessary.  As stated in the Order Re:
Evidentiary Hearing [ECF No. 57]:

> As to how and when counsel was told to
> file an appeal, Petitioner states that he
> "immediately asked" counsel to file an
> appeal. Pet'r's Statement ¶ 8, ECF No. 54.
> Was this the day of the sentencing in the
> courthouse or, if later, approximately how
> much later?  Was the request made in person,
> by telephone, in writing, or some other
> manner?  If anyone else made the request,
> the same information should be provided.
>
> As to whether there are any witnesses
> or other evidence to support the contention
> that counsel misled Petitioner, there is a
> statement that "Petitioner's family called
> [counsel]." Id. at ¶ 9. Which person or
> persons made the call and when?
>
> Petitioner states that - presumably in
> response to the call from "Petitioner's
> family" - counsel "stated 'there is nothing
> I can do,' basically refusing to file a
> notice of appeal and abandoning Petitioner."
> Id.  At that point, what was the basis for
> any belief that counsel would thereafter
> file an appeal?  How is it that Petitioner
> did not know at that time that counsel had
> failed to file the appeal he supposedly
> promised to file?
>
> As to when and how Petitioner learned
> that no appeal has been filed, there is no
> clear response.

> Petitioner must provide a clear version
> of the relevant facts establishing that he
> was pursuing his rights diligently and that
> an extraordinary circumstance prevented him
> from timely filing the § 2255 motion.

Id. at 2-3 (emphasis added).

Petitioner then filed Petitioner's Response to The Government's Response In Opposition to Petitioner's Statement In Support of His Motion Pursuant to 28 U.S.C. §2255 [ECF No. 59], in which he reiterated his position that trial counsel failed to comply with a request to file an appeal but, again, did not address the timing of his learning that an appeal had not been filed.  In the Second Order Re: Evidentiary Hearing [ECF No. 60], the Court stated that Petitioner's said filing was not responsive to the Order Re: Evidentiary Hearing.  The Court required Petitioner to "file a supplemental statement addressing the matters set forth in the Order Re: Evidentiary Hearing." Second Order 1, ECF No. 60.

Petitioner then filed Petitioner's Response to the Court's Order Dated April 25, 2016 [ECF No. 61], stating therein:

> Petitioner (and his family) requested that
> an appeal be filed and Mr. Henninger
> REFUSED.  Petitioner and his family
> diligently tried to contact Mr. Henninger
> for the entire 16 months and Petitioner's
> numerous letters and his family's numerous
> calls (numbered in the triple digits) were
> either ignored or answered with "theres

nothing to be done".

Id. at 1.

Petitioner further stated:

>     1.    Petitioner told Mr. Henninger to appeal after his sentencing hearing in person.  Mr. Henninger stated that he "would look into it".
>
>     2.    Petitioner's family told Mr. Henninger in person to appeal in front of the courthouse immediately after sentencing. Mr. Henninger stated "there is no appeal" despite his statement to Petitioner mere minutes earlier.
>
>     3.    Petitioner has provided Affidavits from his father and grandmother stating that they asked Mr. Henninger to appeal and he refused.  Petitioner's grandmother, Dorothy Kessler, will testify to all these contentions as well. Petitioner's grandfather, Windsor Kessler Sr., was a Baltimore City Police Officer for 37 years and is also willing to testify on Petitioner's behalf; his credibility is hard to deny.
>
>     4.    Petitioner's family continued to contact Mr. Henninger by the phone.  He was seldom in his office and more seldomly called Petitioner's family back.  They literally made over 100 phone calls. Petitioner wrote multiple letters that were never answered.

Id. at 2.

Petitioner, although being provided ample opportunity (indeed, direction) to do so, has not stated when it was that he first learned that his trial counsel had not filed the requested

appeal.  However, the record plainly indicates it was on, or shortly after, the day of his sentencing.  By no means has he presented a basis for a finding that he was not aware of this alleged ground for relief until a time that made him unable to file timely the instant motion.

Petitioner has not presented any valid basis for a finding that – once he knew that counsel had failed to file an appeal – he was pursuing his rights diligently and that extraordinary circumstances prevented his timely filing the instant motion. Accordingly, the Court finds that the record conclusively shows that Petitioner is not entitled to equitable tolling that would warrant treating the instant Petition as timely filed.  There is no need for an evidentiary hearing regarding the matter.

Finally, the Court must emphasize that it is not, by any means, finding that had counsel filed a notice of appeal, the appeal would have had any merit whatsoever.

For the foregoing reasons:

    1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 25] is DENIED.

    2.    Judgment shall be entered by separate Order.

SO ORDERED, this <u>Friday, July 22, 2016</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge
